UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**CONTINENTAL CASUALTY COMPANY,**

    **Plaintiff,**

v.                                                      Civil Action No.: 2:00-0260

**AMERICAN HOME ASSURANCE COMPANY**
**and NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURGH, P.A.**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is defendants' motion to amend the February 23, 2010, memorandum opinion and order to include certification for interlocutory appeal and to stay proceedings pending appeal ("motion to certify and stay"), filed March 5, 2010.

I.

On February 23, 2010, the court entered a memorandum opinion and order concluding that, <u>inter alia</u>, document 81 found in plaintiff's privilege log need not be disclosed to defendants. Document 81 was deemed to be protected in its entirety by the attorney-client privilege, with the crime-fraud exception determined to be inapplicable.

In the motion to certify and stay, defendants assert that the court should certify the February 23, 2010, ruling for immediate appeal. The issues for which certification are sought are stated by defendants as follows:

> (1) whether confidential communications incorporated into a document shields disclosure of a document in its entirety even where the document contains non-privileged factual material and a party has shown substantial need and resultant undue hardship if disclosure was not ordered, and (2) whether a client seeking legal advice with respect to furthering and continuing a contemplated fraud or scheme is subject to the crime fraud exception.

(Mot. ¶ 5).

On March 15, 2010, plaintiff responded, asserting essentially as follows:

> Section 1292(b) requires the "existence of a controlling question of law" as to which where is a "substantial difference of opinion." AIG's motion fails on both fronts. The order AIG seeks to appeal involves a pre-trial discovery issue -- <u>i.e</u>, this Court's application of well-settled principles of attorney-client privilege to conclude CNA properly withheld a single document from production in discovery. . . . Given the fact-dependent nature of this Court's order and the established law governing privilege, the Court's order presents no controlling question of law over which a substantial ground for difference exists.
>
> Whether or not AIG obtains the single privileged document at issue, it will press its counterclaim and affirmative defenses. No complex, expensive or protracted litigation would be avoided. Further, AIG has already taken advantage of numerous discovery methods to attempt to prove its claims and will have

> until May 2 to conduct additional discovery it deems necessary. Under these circumstances, immediate resolution of the discovery dispute would not advance - but would impede and delay - the ultimate termination of this litigation.  AIG's motion should be denied for this additional reason.

(Pl.'s Resp. at 3-8 (footnote omitted).  Defendants have not replied.

## II.

Title 28 U.S.C. § 1292(b) provides pertinently as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion <u>and that an immediate appeal from the order may materially advance the ultimate termination of the litigation</u>, he shall so state in writing in such order.

28 U.S.C. § 1292(b) (emphasis added).  Federal Rule of Appellate Procedure 5(a)(3) provides pertinently as follows:

> If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement. In that event, the time to petition runs from entry of the amended order.

Fed. R. App. Proc. 5(a)(3). The court of appeals has observed that section 1292(b) "should be used sparingly . . . ." <u>Myles v. Laffitte</u>, 881 F.2d 125, 127 (4th Cir. 1989).

As aptly noted by plaintiff, the issues identified by defendants do not constitute controlling questions of law as to which there are substantial grounds for difference of opinion. Plaintiff's response also demonstrates that certification of the issues would not "materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b).

Section 1292(b) is best suited for use in a dispute that involves "a narrow question of pure law whose resolution will be completely dispositive . . . ." <u>Difelice v. U.S. Airways, Inc.</u>, 404 F. Supp.2d 907, 908 (E.D. Va. 2005); <u>see also</u> Charles A. Wright <u>et al.</u>, 16 <u>Federal Practice & Procedure</u> § 3930 and cases cited therein (Elec. Ed. 2010). The present dispute does not fit the model contemplated by section 1292(b).

The court, accordingly, ORDERS that the motion to certify and stay be, and it hereby is, denied.

The Clerk is directed to forward copies of this order to all counsel of record.

DATED: April 2, 2010

John T. Copenhaver, Jr.
United States District Judge